## Case No. 13,789.

### TAYLOR et al. v. COOK et al.

[2 McLean, 516.] [1]

Circuit Court, D. Illinois. June Term, 1841.

COURTS — FEDERAL JURISDICTION — CITIZENSHIP— VOLUNTARY APPEARANCE.

1. By the constitution, jurisdiction is given to the courts of the United States, between citizens of different states.

[Cited in brief in Cooper v. Newell, 15 Sup. Ct. 356.]

2. The act of 1789 [1 Stat. 73] restricts the exercise of this jurisdiction to cases where one of the parties are citizens of the state where suit is brought.

[Cited in Wills v. Home Ins. Co., 28 Iowa, 546.]

3. And by the settled construction of this act, where there are more than one party, plaintiff and defendant, the court must have jurisdiction between each party, plaintiff and defendant.

[Cited in Wiggins v. European & N. A. Ry. Co., Case No. 17,626.]

4. This produced great embarrassment in the proceedings before the circuit courts. And to remedy this inconvenience the act of 1839 [5 Stat. 321] was passed, which enables a party defendant, who may not reside in the district, voluntarily to become a party to the suit.

[Approved in McCloskey v. Cobb, Case No. 8,702. Cited in Sands v. Smith, Id. 12,305.]

5. By his submitting himself in this form to the jurisdiction of the court the jurisdiction is not ousted.

[This was an action by John W. Taylor and others against Cook and Spaulding. See Case No. 13,952.]

Mr. Morris, for plaintiffs.
Mr. Arnold, for defendants.

OPINION OF THE COURT. The plaintiffs are citizens of New York; the writ was served on Cook, a citizen of Illinois; and Spaulding, a citizen of Missouri, enters a voluntary appearance. A question is raised whether the court can take jurisdiction as the case now stands. By the constitution of the United States, the judicial power extends to all cases in law and equity arising under the constitution, &c., and to controversies between citizens of different states, &c. The 11th section of the judiciary act of 1789 provides: "That the circuit courts shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature at common law or in equity, where the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars, and the United States are plaintiffs or petitioners; or an alien is a party, or the suit is between a citizen of the state where the suit is brought and a citizen of another state. And no civil suit shall be brought before either of said courts, against an inhabitant of the United States, by any original process in any other district than that whereof he was an inhabitant, or in

[1] [Reported by Hon. John McLean, Circuit Justice.]

which he shall be found at the time of serving the writ." Under this section it was settled that, as between each plaintiff and each defendant, where there were more than one plaintiff and defendant, the court must have jurisdiction. So that, by this construction, the court could not take jurisdiction of this case; for, as between the plaintiffs who are citizens of New York and the defendant, Spaulding, who is a citizen of Missouri, the court could exercise no jurisdiction in the state of Illinois; because in that case neither party would reside in the state where suit is brought. And, under the decisions, the consent of Spaulding (it appearing that he was a citizen of Missouri) could give no jurisdiction. This created great embarrassment to the proceedings in the circuit courts. Unless they could act on the interests of the defendants properly before the court, without prejudice to those who were interested and who did not reside within the district, they could exercise no jurisdiction in the case. To remedy this inconvenience the act of the 28th February, 1839, was passed. The first section of that act provides, "that where, in any suit at law or equity, commenced in any court of the United States, there shall be several defendants, any one or more of whom shall not be inhabitants of, or found within, the district where the suit is brought, or shall not voluntarily appear thereto, it shall be lawful for the court to entertain jurisdiction, &c.; but the judgment or decree therein shall not prejudice parties not served with process, or not voluntarily appearing to answer." By the constitution jurisdiction is given to the courts of the United States, of all controversies between citizens of different states. And congress have, unquestionably, the power to regulate the exercise of that jurisdiction in any mode which they shall deem expedient. Unless required by the act of congress it would not be necessary that either party should be a citizen of the state where suit is brought. This provision of the act of 1789, however, is not repealed by the above act, but it is modified. It enables a party who is sued, with others, but who does not reside in the district, voluntarily to become a party to the suit. Where this is done the court can exercise jurisdiction over him, the same as if he were a citizen of the district and process had been served on him. The suggestion that by voluntarily becoming a party he ousts the jurisdiction of the court, would give a most absurd effect to the statute. It gives a right to the party to appear, and yet by such appearance the jurisdiction is taken away. This would be a most singular mode of remedying an inconvenience which has long been felt and acknowledged. That it was intended the court should exercise jurisdiction over the person who thus voluntarily appears, by the fact of his being made a party to the suit, but also from the subsequent part of the section, which declares that the judgment or decree shall only affect the parties who have been

served with process or who have voluntarily appeared. We can entertain no doubt that the court have a right to exercise jurisdiction over Spaulding, under the act of 1839.