## WILLS v. THE HOME INSURANCE COMPANY.

Federal court: TRANSFER OF CAUSES. The act of congress respecting the transfer of causes from the State to the federal court, authorizes the transfer only in cases where the plaintiff is a citizen of the State where the suit is commenced, and the defendant is a resident of another State. If the plaintiff is not such resident the transfer is not authorized.

*Appeal from Henry District Court.*

WEDNESDAY, APRIL 27.

ACTION upon an insurance policy. On motion of the defendant the cause was transferred to the Circuit Court of the United States for the District of Iowa. The plaintiff excepted and appeals.

*Ambler & Babb* for the appellants.

No appearance for the appellee.

COLE, Ch. J. — On entering his appearance the defendant moved the transfer of the cause to the Circuit Court of the United States for the District of Iowa, and filed

in support of said motion an affidavit, stating that "the plaintiff in said suit was at the time of the commencement thereof, ever since has been and still is a citizen of the State of Illinois; and that the defendant was at the time of the commencement of said suit, ever since has been and still is a citizen of the State of New York." The affidavit also contained statements showing the case to be within the jurisdiction of the federal court, if it could properly be transferred there; and defendant also tendered bond as required by law. The court sustained the motion and ordered the cause to be transferred..

The act of congress of September 24, 1789, authorizes the transfer of causes from the State to the federal court, where the plaintiff is a citizen of the State where the suit is commenced, and the defendant is a citizen of another State. Brightly's Digest Laws of U. S., vol. 1, p. 128, § 19. The recent statutes have not changed the law in this respect. The affidavit shows that the plaintiff was not a citizen of Iowa when the suit was commenced and never has been. The case made by the defendant's affidavit is not, therefore, within the statute, which has ever been strictly construed. *Belknap's Administrator* v. *The Northern Railroad*, 25 Vt. 715, (being a case in U. S. Circuit Court); *Taylor & Bond* v. *Cook*, 2 McLean, 516; *Cary* v. *Curtis*, 5 How. (U. S.) 236; *Moffat et al.* v. *Soley*, Paine's C. C. 103; *Shute* v. *Davis*, Pet. C. C. 431, Am. Law Reg. vol. 9 (N. S.) 91, Jan. 1870.

Reversed.